IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-03159-RBJ

BRIANNA CAMERON, individually and on behalf of others similarly situated,

    Plaintiff/Counter Defendant,

v.

GOODTIME TOWNE TAVERN, INC.

    Defendant/Counter Claimant.

## ORDER

Plaintiff moves to enforce two settlement agreements. Defendant concedes the motion in part and opposes it in part. Defense counsel also moves to withdraw. This order addresses those motions.

**BACKGROUND**

Brianna Cameron worked for the Goodtime Towne Tavern, Inc. (GTTI) as an exotic dancer. In her Complaint she asserted, purportedly on behalf of herself and other similarly situated dancers, that she was not paid minimum wages or overtime pay as required by the Fair Labor Standards Act. She also asserted claims under the Colorado Minimum Wage Act and for unjust enrichment. ECF No. 1.

Despite her claim to represent herself and others, Ms. Cameron did not seek certification of a collective action or a class action. She did, however, file a "Consent to Join" on behalf of

another individual, Georgina Santich.  ECF No. 21.  Whether that was a proper means of adding an additional party plaintiff to the case was not challenged by the defendant.

The parties settled this case on terms set forth in two written agreements.  ECF No. 28 (for Ms. Cameron) and No. 28-1 (for Ms. Santich).  Among other terms, these agreements required payments of $6,483.33 to Ms. Cameron and $5,933.33 to Ms. Santich no later than July 15, 2019.  *Id.*  The settlement amounts were not paid as agreed, and to the Court's knowledge, have never been paid.

In a status conference held on August 8, 2019, the defendant's owner, Stan Pettengill, both in person and through his attorney, represented that GTTI did not have funds with which to make the settlement payments, but that Mr. Pettengill was in the process of attempting to sell the tavern and would make the payments out of the sales proceeds.  Shortly thereafter Ms. Cameron filed the pending motion to enforce the settlement agreement(s) against GTTI and against Mr. Pettengill individually.  She asserted that Mr. Pettengill was obligated because he had "ratified" the settlement agreement.  ECF No. 27 at 3-4.

GTTI, through counsel, responded that it did not oppose the motion to the extent that sought to impose liability on GTTI but did oppose it to the extent that it sought to impose liability on Mr. Pettengill.  ECF No. 29 at 1.  GTTI argues that Mr. Pettengill was not a party to the litigation and did not ratify the settlement in any capacity other than as an authorized signatory for GTTI.  *Id.* at 1-2.

Shortly after filing the response defendant's counsel moved to withdraw, stating that he is not a collections attorney, and that there was additional good cause for withdrawal that he could not disclose in the motion.  ECF No. 30 at 1.  The motion indicates that counsel had conferred

with plaintiff's counsel who indicated that plaintiff opposed the motion. However, no opposition has been filed. Nor have GTTI or Mr. Pettengill responded to the motion to withdraw.

**ANALYSIS AND CONCLUSIONS**

A. **Enforceability of the Settlement Agreements.**

Neither party seems to have paid close attention to the terms of the settlement agreements, but the answers to their arguments can be found there. Preliminarily, it does not matter that Mr. Pettengill was not a party to the case. The parties to the case resolved the case by entering into two written settlement agreements. The agreements are enforceable, and they will be enforced on their express terms.

The Cameron agreement expressly provides that it is between Brianna Cameron and her agents, etc., on the one hand, and GTTI "*along with its owner (Stan Pettengill)*, agents, managers, employees, officers, directors, attorneys, predecessors, successors, assignees, beneficiaries, and affiliated entities *(collectively "RELEASEE"), all of whom may be collectively or individually referred to as the 'parties' or a 'party,'*" on the other hand. ECF No. 28 at 1 (emphasis added). Setting aside the excessive legalese, the Court interprets this language to mean that Mr. Pettengill, among others, is a "releasee" and a party to the settlement agreement. ECF No. 28 at 1. The Santich agreement contains substantially identical language. ECF No. 28-1 at 1.

Paragraph 1 of the Cameron agreement provides that in exchange for a complete release, "RELEASEE will cause to be paid to you and your counsel the gross total sum of Six Thousand Four Hundred Eighty-Three Dollars and Thirty-Three Cents ($6483.33) ('the Settlement Payment')." ECF No. 28 at 1. The Santich agreement is the same except that the amount is

$5,933.33. ECF No. 28-1 at 1. The agreements continue, "The Settlement Payment will be delivered to your counsel on or before July 15, 2019 so long as the following have also occurred prior to that date: (a) you provide the fully-signed Agreement to RELEASEE's counsel; and (b) you and your counsel provide completed Form W-9s to RELEASEE's counsel." *Id.*

There is no indication or argument that Ms. Cameron or Ms. Santich failed to comply with their obligations. The Court concludes as a matter of law that both GTTI and Mr. Pettengill were obligated to make the agreed payments by July 15, 2019. Neither GTTI nor Mr. Pettengill did so. They both are in breach of the settlement agreements.

Plaintiff also seeks an award of attorney's fees. The agreements provide, "You and RELEASEE have the right to bring an action to enforce any of the terms or provisions of this Agreement. You and RELEASEE agree that the Court shall enter an award of reasonable attorneys' fees and costs to the prevailing party should it prevail in any action to enforce the terms of this Agreement." ECF Nos. 28 and 28-1 at 4, ¶16(g). The Court finds that the motion to enforce the settlement agreements is "an action to enforce any of the terms or provisions of this Agreement." Ms. Cameron and Ms. Santich are the prevailing parties. Accordingly, Ms. Cameron and Ms. Santich are entitled to an award of reasonable attorney's fees and costs.

**B. Withdrawal of Counsel.**

Counsel represented GTTI and Mr. Pettengill in the preparation of the settlement agreements, and he was designated as the person to receive plaintiff's signed releases and form W-9s. It appears to the Court that the settlements might have been entered into by the defendant with knowledge that GTTI either did not have or might not have the ability to make the agreed payments, and perhaps with the notion, notwithstanding the language of the agreements to the

contrary, that Mr. Pettengill would not have to make good on his agreements. In the circumstances the Court declines to permit defense counsel to withdraw. The fact that he does not consider himself to be a collection attorney is irrelevant. The suggestion that an undisclosed ethical obligation prevents his continuation as counsel is insufficient. If the problem is that he isn't getting paid either, then that will not suffice in the circumstances. If there is a legitimate ethical issue that prevents continued representation, he will have to demonstrate that to the Court at an in camera evidentiary hearing. The Court suggests that counsel and client have a serious heart-to-heart and figure out a way to get the problems that they have together caused or contributed to resolved.

## ORDER

1. The motion to enforce the settlement agreement(s), ECF No 27, is GRANTED.

2. The motion to withdraw, ECF No. 30, is DENIED.

3. Final Judgment will enter in favor of (a) Brianna Cameron and Georgina Santich, respectively, against Goodtime Towne Tavern, Inc. and Stan Pettengill, jointly and severally, in the amount of $6,483.33 (Cameron) and $5,933.33 (Santich), plus reasonable attorney's fees and costs, plus post judgment interest as determined pursuant to 28 U.S.C. § 1961. Attorney's fees and costs are to be shared by Ms. Cameron and Ms. Santich in the proportionate amounts, if any, that each of them incurred.

4. The Court suggests that the parties and counsel promptly confer and attempt in good faith to resolve the amounts and make appropriate payments in order to avoid further litigation and attorney's fees. The Court will award additional attorney's fees if plaintiff is unreasonably required to incur them.

DATED this 30th day of October, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge